**MAURO MOTORS INC., et al.,**
**Movants–Appellants,**

**v.**

**OLD CARCO LLC, aka Chrysler LLC, aka Chrysler Aspen, aka Chrysler Town & Country, aka Chrysler 300, aka Chrysler Sebring, aka Chrysler PT Cruiser, aka Dodge, aka Dodge Avenger, aka Dodge Caliber, aka Dodge Challenger, aka Dodge Dakota,**

**aka Dodge Durango, aka Dodge Grand Caravan, aka Dodge Journey, aka Dodge Nitro, aka Dodge Ram, aka Dodge.**

**No. 10–3933–bk.**

United States Court of Appeals, Second Circuit.

April 22, 2011.

Leo Donofrio, Stephen W. Pidgeon, Pidgeon & Donofrio GP, Everett, WA, for Appellants.

Brett J. Berlin, Jeffrey B. Ellman, Beth R. Heifetz, Kevyn Duane Orr, (Corinne Ball, on the brief), Jones Day, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, DENNY CHIN, Circuit Judges.

### *AMENDED SUMMARY ORDER*

Appellants are automobile dealers whose dealership contracts with Chrysler were terminated by Chrysler as part of its bankruptcy and restructuring. They moved the Bankruptcy Court for the Southern District of New York to reconsider its decision to allow Chrysler to exclude these contracts from the assets it sold to Fiat and to then reject these contracts after the sale under 11 U.S.C. § 365.

We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

A motion to reconsider a judgment must be rejected if "there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action." *Leber–Krebs, Inc. v. Capitol Records,* 779 F.2d 895, 899 (2d Cir. 1985) (internal quotation marks omitted). Appellants present no evidence or arguments in this collateral attack that could not have been presented in a timely appeal from the bankruptcy court's original decision. Having failed to appeal from that decision, Appellants may not now attack it collaterally absent newly discovered evidence of fraud on the court. No such evidence has been presented, so Appellants' motion to reconsider was properly denied.

As to the merits of Appellants' claims, they are utterly frivolous. We reject these claims on the merits for substantially the same reasons set forth by the district court below.

The bankruptcy court and the district court correctly concluded that there was no fraud on the court. As a result, we hereby **AFFIRM** the district court's decision affirming the bankruptcy court's denial of Appellants' motion to reconsider.